Argued January 27; affirmed February 9, 1943

## SCOTTE *v.* HOOD
(133 P. (2d) 897)

Before Bailey, Chief Justice, and Belt, Rossman, Kelly, Lusk, Brand and Hay, Associate Justices.

*Robert L. Sabin,* of Portland (Malarkey, Sabin & Herbring, of Portland, on the brief), for respondent.

KELLY, J. Plaintiff's cause of suit is based upon the claim that during the years 1920 and 1921, plain-

tiff and her sister, Cherry Anderson, each delivered to defendant the sum of $3,500 for investment in stocks and other securities; that there is in the possession of defendant a large sum of money made up partly of said original sum and partly of proceeds of investment of said sum; and that plaintiff's said sister made an assignment of her claim herein to plaintiff.

It is also alleged in plaintiff's amended complaint that because plaintiff and her assignor are sisters of defendant's deceased wife, whom defendant married in 1920, and whose husband defendant continued to be until the death of his said wife in November, 1936, plaintiff and her assignor refrained from enforcing their rights against the defendant; but soon after the death of defendant's wife, plaintiff and her assignor made a demand on the defendant that he account for said sum with which demand defendant has refused to comply.

In his answer, defendant denies that the funds mentioned in plaintiff's amended complaint were delivered to him, or that he ever had possession thereof.

As to plaintiff's claim defendant alleges that in 1930, plaintiff made and asserted a claim against defendant, that many years before plaintiff had entrusted to defendant a large sum of money to invest for her.

As to the assigned claim of Cherry Anderson, defendant alleges that in 1929, plaintiff for and on behalf of said Cherry Anderson, made and asserted a similar claim against defendant.

Defendant further alleges that immediately after the assertion of each respective claim aforesaid by plaintiff, defendant denied the validity of each of said claims respectively.

Defendant further alleges: That neither said Cherry Anderson nor plaintiff brought any suit or action on said claim until the year 1939 and that by reason and as a result of the great lapse of time since Cherry Anderson allegedly entrusted said sum of money to defendant and the great lapse of time since plaintiff made said demands in 1929 and 1930 said Cherry Anderson and plaintiff were and are guilty of laches, and plaintiff's demand in this suit for an accounting is stale and barred by the statute of limitations.

The lapse of eighteen or nineteen years, since the transactions upon which plaintiff's claims are based, accounts for much of the uncertainty and apparent inconsistency in her testimony and that of her assignor. Only plaintiff and her assignor, Miss Anderson, testified in plaintiff's behalf.

■ Plaintiff's case depended upon her ability to prove that the funds in suit were entrusted to defendant. A perusal of the testimony fails to convince us that any of the funds was delivered to defendant. On the other hand, we think that plaintiff, plaintiff's sister, Cherry Anderson and plaintiff's mother invested the funds in suit and certain funds belonging to plaintiff's mother in securities through the brokerage firm of Herrin & Rhodes, of Seattle, Washington, and shortly thereafter endorsed and deposited the securities with said brokerage firm as a basis for a trading account, and as a consequence of trading in other securities, the funds represented by the securities so deposited were ultimately lost.

It is true that defendant was an employee of said brokerage firm and counseled and advised plaintiff, plaintiff's mother and plaintiff's sister, Cherry Anderson, concerning their original investment and their sub-

sequent trading; but never at any time had title to the funds in suit or the securities involved in the trading.

■ We think also that defendant proved his denial of plaintiff's claim and that of his assignor in the years 1930 and 1929, and that through lapse of time intervening between those dates and the institution of this suit in 1939, no other suit or action having been instituted, plaintiff's claim and that of her sister became stale.

The records of said brokerage firm of Herrin & Rhodes, for the time during which plaintiff, her mother and her said sister were trading in securities through the offices of said brokerage firm, were destroyed. Many of the persons, who conducted the business involved herein, had died before the instant case was instituted.

We think that the learned trial judge correctly decided the issues herein, and the decree of the trial court is affirmed.

It is further ordered that defendant recover his costs and disbursements of and from plaintiff.